1  Stephen B. Morris (SB# 126192)
**MORRIS and ASSOCIATES**
2  444 West C Street, Suite 300
San Diego, California  92101
3  Tel:  (619) 239-1300
Fax: (619) 234-3672
4

5  Attorneys for Plaintiff

FILED

2011 JUN -3  PM 1: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

6

7  # UNITED STATES DISTRICT COURT

8  ## SOUTHERN DISTRICT OF CALIFORNIA

9  JOEL BROIDA, an individual, on
behalf of himself, and on behalf of all
10  persons similarly situated,

11                                Plaintiff,

        vs.
12

SIRIUS XM RADIO, INC.
13
                                Defendant.
14

15

CASE NO. **11CV1219 LAB RBB**

**COMPLAINT FOR:**

1.    **Breach of Contract**

2.    **Unfair Business Practices**

3.    **False Advertising**

**CLASS ACTION**

16  **I.    The Parties**

17        1.    Plaintiff Joel Broida (Broida) is a citizen of Colorado and an individual

18  customer of Defendant Sirius XM Radio, Inc. (Sirius XM), the successor in interest

19  to Sirius Satellite Radio, Inc.(Sirius).

20        2.    Defendant Sirius XM is a Delaware Corporation with its principal

21  place of business at 1221 Avenue of the Americas, 36th Floor, New York, New

22  York. Sirius Satellite Radio, Inc. (Sirius) is a former Delaware corporation that

23  merged on July 28, 2008 with XM Satellite Holdings, Inc. (XM), thereby forming

24  Sirius XM.

25

26  **II.    Jurisdiction and Venue**

27        3.    This action is a class action involving thousands of persons, a member

28  of the plaintiff's class is a citizen of a state different from Defendant, and the

---

Broida v. Sirius XM                                1                                Complaint

1  amount in controversy, in the aggregate, exceeds the sum of $5,000,000, exclusive
2  of interest and costs.

3      4.      The jurisdiction of this Court is based upon 28 U.S.C. 1331, 1332 (d)
4  and the Class Action Fairness Act.

5      5.      Venue is proper as defendant transacts business in this District and
6  throughout the United States.

7

8  **III.   <u>Common Facts</u>**

9      6.      Sirius XM is in the business of providing internet radio services.  In
10 connection therewith, Sirius XM bills its customers a monthly internet connectivity
11 charge, among other charges, and collects state and local taxes for and on behalf of
12 taxing authorities, based on the amounts collected.

13     7.      On or about, May 26, 2010, Plaintiff Broida purchased a two-year
14 "Family Friendly" Plan in reliance upon advertised rates offered by Sirius XM.
15 Specifically, Sirius XM advertised that persons purchasing a twenty four (24)
16 month plan would pay for only 19 months, i.e. receive "5 months free."  At the time
17 of this advertisement, Sirius XM charged $11.95 per month.  The two-year plan
18 should, therefor, have cost $227.05.   Instead, Sirius XM charged plaintiff and its
19 other customers $249.99 for the 24-month plan.

20

21 **IV.   <u>The Internet Tax Fairness Act</u>**

22     8.      In 1996 the United States Congress passed, and the President approved,
23 the Internet Tax Fairness Act (the "ITFA").  The ITFA, 47 U.S.C. § 151 (1998) as
24 amended, bars state and local government from imposing fees and taxes on internet
25 access.  "No State or political subdivision thereof shall impose any of the following
26 taxes during the period beginning November 1, 2003, and ending November 1,
27 2014: ... (1) Taxes on Internet access."

28     9.      Under the Internet Tax Fairness Act the phrase "internet access" means

1  "a service that enables users to connect to the Internet to access content,

2  information, or other services offered over the Internet;  (B) includes the purchase,

3  use or sale of telecommunications by a provider of a service described in

4  subparagraph (A) to the extent such telecommunications are purchased, used or

5  sold.-- (I) to provide such service; or (ii) to otherwise enable users to access

6  content, information or other services offered over the Internet[.]"

7        10.    Despite the prohibition on taxation of internet access enacted by the

8  Internet Tax Fairness Act, Sirius XM charged, and continues to charge, their

9  customers fees and taxes based upon, in part, the cost of internet access.

10

11  **V.    Class allegations**

12        11.    This action is thus brought, and may properly be maintained, as a class

13  action pursuant to the provisions of California Code of Civil Procedure Section 382

14  and Civil Code Section 1781(a) and Fed.R.Civ.P. 23.  Plaintiff brings this action on

15  behalf of himself and on behalf of a Class of all others similarly situated who,

16  within four (4) years prior to the date of filing of this action, entered into a contract

17  with Sirius XM for internet radio services.

18        12.    The Class of persons for whose benefit this case is brought consists of

19  (1) all Sirius XM customers, past and present, who contracted for internet radio

20  services and were charged fees and/or taxes based upon the cost of internet access

21  and/or (2) all Sirius XM customers who purchased the 24 month Family Friendly

22  Plan and who paid more than $227.05 for that service at the time when Sirius

23  charged $11.95 per month and advertised such purchasers would receive "5 months

24  free."

25        13.    Plaintiff's claims are typical of the claims of the Class because he and

26  all members of the putative Class have sustained damages as a result of (1) paying

27  fees and taxes based upon the cost for internet access and/or (2) signing up for a 24

28  month plan based upon the advertised promise of receiving "5 months free."

14.   There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including but not limited to the following:

- whether Sirius XM charged Plaintiff and the Class fees and taxes based upon the cost of internet access in violation of the Internet Tax Fairness Act;

- whether Sirius XM's actions violated California law;

- whether Sirius has been unjustly enriched by its retention of a portion of the tax;

- whether Sirius XM should be enjoined from collecting fees and taxes based upon the cost of internet access;

- whether Sirius XM should be required to seek a refund of the fees and taxes paid by its customers and to return any refund to Plaintiff and the members of the Class.

- whether Sirius XM falsely advertised the benefits of its 24 month Family Friendly Plan.

15.   All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

16.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in complex class action litigation.  Counsel is committed to the vigorous prosecution of this action.

17.   The prosecution of separate actions by the Plaintiff and individual members of the Class against Sirius XM could create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

18.   A class action is superior to other methods for the fair and efficient adjudication of this controversy since the Class is so numerous that joinder of all members in a single action would be impracticable and the repetitive testimony of

1  each Class member at trial would be unnecessary and an inefficient use of judicial

2  resources.  Since the practices engaged in are common to all members of the Class,

3  judicial economy would not be served by multiple actions with duplicative and

4  repetitive testimony.  Furthermore, as the monetary injury suffered by individual

5  Class members may be relatively small, the expense and burden of individual

6  litigation would make it impossible for members of the Class to individually

7  redress the wrongs done to them.

8      19.    The expense and burden of litigation would substantially impair the

9  ability of the Class members to pursue individual cases to protect their rights.  In

10  the absence of a class action, Sirius XM will retain the benefits of its wrongdoing

11  and will continue to collect fees and taxes improperly.

12      20.    The identification of the individual Class members may be effectuated

13  by reference to Defendant's records.

14      21.    Plaintiff is aware of no difficulty which will be encountered in the

15  management of this litigation which would preclude its maintenance as a class

16  action.

17

18  **VI.  Causes of Action**

19               **FIRST CAUSE OF ACTION**

20                  **(Breach of Contract)**

21      22.    Plaintiff realleges and incorporates by reference paragraphs 1 through

22  21 inclusive, of this Complaint, as though set forth in full herein.

23      23.    Sirius XM and Plaintiff entered into a written contract.

24      24.    The written contract is a form contract used by Sirius XM with all its

25  customers similarly situated to Plaintiff.

26      25.    The contract between Sirius XM and Plaintiff permits Sirius XM to

27  charge for its services including internet access on a monthly basis and permits it to

28  charge Plaintiff for all applicable and legally due federal, state and local fees and/or

---

1    taxes.

2    26.    The contract does not permit Sirius XM to charge for fees and taxes

3    that may not be calculated or billed based upon the cost of internet access.

4    Nevertheless, Plaintiff has been required to pay these unlawful charges.

5    27.    Despite the prohibition on state and local fees and taxes imposed by the

6    Internet Tax Fairness Act, Sirius XM charged Plaintiff fees and/or taxes based

7    upon the cost of his internet access.

8    28.    Furthermore, and with respect to those customers who purchased the

9    Family Friendly 24-month Plan, and who signed up for the plan at the time Sirius

10   XM advertised that it offered "5 months free," Sirius XM breached said contract by

11   charging those customers, including plaintiff, a higher than advertised rate.  That is

12   to say, Sirius XM induced customers to enter into a contract based upon a material

13   mistake of fact, i.e. the price of the 24-month Family Friendly Plan.

14   29.    In doing the acts complained of herein, Sirius XM breached its

15   contractual obligations to Plaintiff and the putative Class causing him and the class

16   damages in an amount to be proven at the time of trial.

17

18                          **SECOND CAUSE OF ACTION**

19                     **(Violation of Consumer Protection laws )**

20   30.    Plaintiff realleges and incorporates by reference paragraphs 1 through

21   29 inclusive, of this Complaint, as though set forth in full herein.

22   31.    In failing to inform the Plaintiffs and the Class that it intended to

23   charge them fees and taxes that were not due, and in collecting charges that are

24   unlawful, deceptive and/or unfair, and to the extent Sirius advertised programs at

25   rates not delivered,  Sirius XM violated California Business and Professions Code

26   § 17200, as well as the applicable consumer protection laws of each of the other

27   states.

28   32.    In doing the acts complained of herein, Sirius XM has caused loss of

1   money to Plaintiff and the members of the class in an amount to be proven at the
2   time of trial.

3

4                      **THIRD CAUSE OF ACTION**
5                         **(False Advertising)**

6        33.    Plaintiff realleges and incorporates by reference paragraphs 1 through
7   32 inclusive, of this Complaint, as though set forth in full herein.

8        34.    Sirius XM at all pertinent times herein intended to cause Plaintiff and
9   those similarly situated to rely upon its advertising materials and to induce them to
10  enter into contracts with Sirius XM based upon those materials.  Said erroneous
11  advertising materials were uniform.  By advertising that plan participants in the 24
12  month Family Friendly Plan would receive "5 months free," while simultaneously
13  charging those plan participants for more than 19 months, Sirius XM
14  misrepresented the true extent of its charges to Plaintiff and the class, collected
15  excessive charges, and damaged Plaintiff and the class in an amount to be proven at
16  the time of trial, all in violation of California Business and Professions Code
17  section 17500 and the applicable false advertising statutes of each of the states.

18       35.    At all times herein, Plaintiff and the class reasonably relied upon the
19  advertising materials generated by Sirius XM.

20

21                            **PRAYER**
22       **WHEREFORE**, Plaintiff prays for relief as follows:

23

24              ON THE FIRST CAUSE OF ACTION

25  1.     For money damages;
26  2.     For attorney and paralegal fees;
27  3.     For prejudgment interest as allowed by law;
28  4.     For costs of suit incurred herein; and

---

5.   For such other relief as the Court deems just and proper.

## ON THE SECOND CAUSE OF ACTION

1.   For disgorgement by Defendant of all amounts that have been obtained in connection with any of the deceptive, unfair and/or unlawful business practices alleged herein;

2.   For restitution according to proof;

3.   For attorney and paralegal fees;

4.   For prejudgment interest as allowed by law;

5.   For costs of suit incurred herein; and

6.   For such other relief as the Court deems just and proper.

## ON THE THIRD CAUSE OF ACTION

1.   For disgorgement by Defendant of all amounts that have been obtained in connection with any of the deceptive, unfair and/or unlawful business practices alleged herein;

2.   For restitution according to proof;

3.   For attorney and paralegal fees;

4.   For prejudgment interest as allowed by law;

5.   For costs of suit incurred herein; and

6.   For such other relief as the Court deems just and proper.

Dated:   June 1, 2011                    MORRIS AND ASSOCIATES


                                 by:   _Stephen Morris_
                                       Stephen B. Morris
                                       Attorney for Plaintiff

---

Broida v. Sirius XM                    8                    Complaint

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOEL BROIDA, an individual, on behalf of himself, and on behalf of all persons similarly situated, | SIRIUS XM RADIO, INC. |



2011 JUN -3 PM 1: 34

SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

(b) County of Residence of First Listed Plaintiff   **Arvada, CO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **New York, NY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephen B. Morris, 444 West C Street, ste 300, San Diego, CA 92101 (619) 239-1300

Attorneys (If Known)

**11 CV 1219 LAB RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1331, 1332

Brief description of cause:
Overcharging for service, false advertising and unlawful collection for taxes and/or fees.

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   6/2/11

SIGNATURE OF ATTORNEY OF RECORD   *Stephen Morris*

FOR OFFICE USE ONLY

RECEIPT #  26973   AMOUNT  $350.00   APPLYING IFP  ✓   JUDGE _____   MAG. JUDGE _____

June 3, 2011

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS026973
Cashier ID: nsiefken
Transaction Date: 06/03/2011
Payer Name: MORRIS AND ASSOCIATES
-----------------------------------
CIVIL FILING FEE
 For: MORRIS AND ASSOCIATES
 Case/Party: D-CAS-3-11-CV-001219-001
 Amount:        $350.00
-----------------------------------
CHECK
  Check/Money Order Num: 8361
  Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```