# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL BROIDA, an individual on behalf of himself, and on behalf of all persons similarly situated,<br><br>                              Plaintiff,<br>  vs.<br>SIRIUS XM RADIO, INC.<br><br>                              Defendant. | CASE NO. 11cv1219-LAB (RBB)<br><br>**ORDER DISMISSING CASE** |

## I.    Introduction

Joel Broida claims that he signed up for a two-year Sirius XM plan expecting to pay $227.05 and was instead billed $249.99. His expectation was rooted in an advertisement, which Broida has yet to produce, that customers would receive "5 months free" if they signed up for twenty-four months.[1] He alleges just one cause of action—a violation of New York General Business Law § 349(a), which provides that "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state are . . . unlawful." He brings this case as a putative class action.

//

---

[1] Broida's complaint says the advertisement is attached as an exhibit, but it's not. (*See* Compl. ¶ 7.) This explains Sirius' statement in its reply brief that "Plaintiff's claim stems from the language in some undisclosed advertisement." (Dkt. No. 17 at 1.)

Now pending is Sirius XM's motion to dismiss. Front and center is the question whether Broida, who is a Colorado resident, can even avail himself of New York's consumer protection laws on the facts of this case. The Court finds he cannot, and **DISMISSES** this case **WITH PREJUDICE**.

## II.     Legal Standard

A rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering such a motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to Broida. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat a 12(b)(6) motion, a complaint's factual allegations needn't be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in Broida's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 129 S.Ct. at 1949. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement" (*Id.* (internal quotations omitted)), nor if it contains a merely formulaic recitation of the elements of a cause of action. *Bell Atl. Corp.*, 550 U.S. at 555.

//

### III. Discussion

In *Goshen v. Mut. Life Ins. of N.Y.* the Court of Appeals of New York addressed the "territorial reach" of § 349 and concluded that "the transaction in which the consumer is deceived must occur in New York." 98 N.Y.2d 314, 324 (N.Y. 2002). Sirius XM cites *Goshen* and runs with it: Broida does not allege, and probably cannot allege, that he was deceived *in* New York, and so his claim under § 349 must be dismissed.

Broida's argument in response is that he was deceived by an advertisement, and that advertisement—the deceptive *transaction*—originated at Sirius XM's New York headquarters. It's irrelevant that Broida is a Colorado resident himself and wasn't actually in New York when he was deceived. This argument can't be squared with the holding in *Goshen* or, for that matter, the holdings in subsequent cases interpreting *Goshen*.

The plaintiff in *Goshen* was a Florida resident who purchased an insurance policy in Florida from the representative of a New York-based insurance company. He alleged that the representative's sales presentation was deceptive and brought a claim (in New York) under § 349. "Plainly," the Court of Appeals held, "for purposes of section 349, any deception took place in Florida, not New York." *Id.* at 326. The phrase "deceptive acts or practices" in § 349 "is not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer." *Id.* at 325. Broida is simply wrong to insist that it is the locus of the "transaction" rather than the actual deception that matters. "Thus, to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York." *Id.* This is not to say, however, that the consumer must be a New York *resident*. The Court of Appeals noted expressly that its analysis did not turn on the residency of the parties. *Id.*

This Court applied *Goshen* in two cases, *Makaeff v. Trump University, LLC*, 2011 WL 1872886 (S.D. Cal. May 16, 2011) and *In re Hydroxycut Mktg. and Sales Practices Litig.*, 2010 WL 1734948 (S.D. Cal. Apr. 26, 2010). The plaintiffs in *Makaeff*—a putative class action like this one—alleged that they were duped into purchasing real estate seminars by Trump University, a New York company, and they brought a claim under § 349. This Court

dismissed it. The plaintiffs took courses in Florida and Pennsylvania, which the Court found to be an out-of-state transaction that could not support a claim under § 349. *Makaeff* at *2. It didn't matter, either, that Trump University "used its New York address to send correspondence to Plaintiffs and putative class members nationwide." *Id.* The *Hydroxycut* case is legally similar. The plaintiff alleged that he was injured by a dietary supplement due to deceptive information on the supplement's packaging. This Court dismissed his claim under § 349 because he purchased the supplement in Michigan and was allegedly deceived on the spot. Relying on *Goshen*, it explained that "[t]he fact that defendants may have developed the products or hatched the marketing plans in New York is not determinative." *Id.* at *4. *See also Kaufman v. Sirius XM Radio, Inc.*, 751 F.Supp.2d 681, 688 (S.D.N.Y. 2010) ("In short, Plaintiffs have alleged many signals emanating from New York, but have failed to plead the essential act that must have transpired within the boundaries of the state to maintain a viable suit under GBL § 349: that the deception they allege having experienced occurred in New York.").

In light of *Goshen*, *Makaeff*, *Hydroxycut*, and *Kaufman*, it is hard to see how Broida can plead a successful § 349 claim here. He does not allege that he viewed the mysterious advertisement in New York and was actually deceived there, and it's far more likely that he was deceived in Colorado, where he lives. Broida's best argument is that the allegedly deceptive advertisement originated in New York and his subscription payment was processed there, but each of the above cases firmly rejects hitching a claim under § 349 to the location of a defendant's corporate operations where the allegedly deceptive conduct originated. Broida's claim under § 349 therefore fails, and it is **DISMISSED WITH PREJUDICE**. Broida has already amended his complaint once, and it appears that any further amendments would be futile in curing the defect with respect to stating a claim under § 349.[2]

---

[2] As this Court observed in *Makaeff*, at this stage in the litigation only the claims of the named plaintiff matter. *Makaeff* at *2. To the extent the Court dismisses Broida's claim under § 349 with prejudice, it does not pass judgment on the viability of a plaintiff class composed of Sirius XM subscribers who can allege that they were actually deceived in New

The Court should also address Broida's argument that the New York choice-of-law clause in his Customer Agreement entitles him to bring a claim under § 349. That clause reads: "The interpretation and enforcement of these Terms shall be governed by the rules and regulations of the State of New York and other applicable federal laws." (Dkt. No. 14-2 at Ex. A, J.5.) Broida's argument is that Sirius XM will pull a kind of legal bait-and-switch. If it is sued for deceptive practices by an out-of-New York customer, it will insist that the suit be brought under New York law, and then it will argue that New York law offers no protection. Sirius has the better argument here. The choice-of-law clause relates to the interpretation and enforcement of the *terms of the Customer Agreement*, not a false advertising claim based on the language of an advertisement. The Customer Agreement didn't even exist at the time that Broida was allegedly deceived.[3]

Finally, the Court is unwilling to move this case forward while deferring on Broida's ability to bring a claim under § 349. Broida makes that request pursuant to *Blessing v. Sirius XM Radio Inc.*, 756 F.Supp.2d 445 (S.D.N.Y. 2010), but in that case there was no question that the named plaintiffs had standing to sue. *Id*. at 452. The court let the class certification process proceed because it would actually inform certain standing questions the case presented. This case is completely different because the class certification issues are not "logically antecedent" to the question of Broida's standing; the Court has already determined that he, as the sole named plaintiff in this case, cannot bring a claim under § 349.

---

York.

[3] The Court doesn't reach Sirius XM's argument that Broida has waived his § 349 claim because the Customer Agreement requires that subscribers dispute any charges "within 30 days after the date [the customer] receive[s] the statement in question." (Dkt. No. 14-2 at Ex. A, F.11.) On the one hand, it seems unfair of Sirius XM to argue that the choice-of-law clause in the Customer Agreement has no bearing on Broida's § 349 claim, while the waiver clause does. The Customer Agreement is either relevant to a deceptive practices claim or it's not—although, to be clear, this is just the Court's sense. On the other hand, Broida provides absolutely no authority for the argument that the waiver clause is unconscionable. He cites only general principles relating to unconscionable agreements, none of which touch on the facts of this case in an illuminating way. In fact, Sirius XM provides authority to the contrary. *See, e.g.*, *Feldman v. Google*, 513 F.Supp.2d 229, 243 (E.D. Pa. 2007) ("Contractual limitations periods are valid and can be shorter than limitations periods prescribed by statute so long as the period for bringing claims is reasonable.").

## IV.     Conclusion

Sirius XM's motion to dismiss is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Broida's first amended complaint is substantially different from his original complaint, and still he cannot allege sufficient facts to give rise to the reasonable inference that he was deceived in New York. For that reason, he cannot be the lead plaintiff in a class action seeking relief under New York General Business Law § 349(a). While this dismissal is with prejudice as to Broida, it is without prejudice, of course, to some other plaintiff with standing to bring a § 349 claim doing so, either individually or as a putative class action.

**IT IS SO ORDERED**.

DATED: November 30, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge